IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

JOHANNA VAN VLIET,

    Plaintiff,

v.                                     Civil Action No. 4:14cv151

ARIANNE VAN VLIET, ET AL.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant United States of America, ex. rel. The Internal Revenue Service's ("United States") Motion to Dismiss, Doc. 3. The United States seeks to be dismissed from this case under Rule 12(b)(1) based upon the protection of sovereign immunity and under Rule 12(b)(6) for the failure to state a claim. See Doc. 4.

The Court held a hearing on this matter on February 5, 2015, and after considering the arguments of counsel, along with the supporting and opposing written memoranda, the Court ruled from the bench and **GRANTED** the United States' Motion to Dismiss under Rule 12(b)(1) and **REMANDED** the case to the Circuit Court for Williamsburg and James City County. Having found that the Court lacks subject matter jurisdiction due to sovereign immunity, the Court did not reach the United States' argument under Rule 12(b)(6).

### I.    BACKGROUND[1]

Plaintiff first filed this action in the Circuit Court for Williamsburg and James City County seeking rescission of a Disclaimer of Interest executed on July 16, 2012. Doc. 1 at 2.

---

[1] "In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant motion. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

Plaintiff's husband passed away in 2011, leaving behind an estate which included an Individualized Retirement Account ("IRA") listing Plaintiff as the primary beneficiary. Id.

After consultation with legal and financial advisors, Plaintiff and her family determined that Plaintiff would execute a Disclaimer of Interest allowing the IRA to pass to the secondary beneficiary, a revocable trust. Doc. 1 at Ex. 2 ¶ 27. Contrary to what she was allegedly told by her advisors, Plaintiff was soon thereafter informed that the mandatory distributions from her late-husband's IRA were significantly higher than projected. Id. at Ex. 2 ¶ 36. Consequently, Plaintiff filed the instant suit in state court, seeking rescission of the Disclaimer. Doc. 6 at 3.

On October 31, 2014, the United States filed its Notice of Removal, bringing this case before the Court on the grounds that any civil action commenced in a state court against the United States may be removed. Doc. 1 (citing 28 U.S.C. § 1442(a)(1)). The United States then filed the instant Motion to Dismiss on November 7, 2014, arguing to be dismissed from the case, and suggesting that the Court should then remand the remaining claims to the Circuit Court in which the case was originally filed. See Doc. 4; see also Doc. 5 at 5, n.1.

## II. STANDARD OF REVIEW

Federal district courts are courts of limited subject matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). Accordingly, "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) (citing Fed. R. Civ. P. 12(b)(1)). "On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction has the burden of proving subject matter jurisdiction." Balzer & Assoc., Inc. v. Union Bank & Trust, 3:09cv273, 2009 WL 1675707, at *2 (E.D. Va. June 15, 2009)

(citing Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 764, 768 (4th Cir. 1991)).

Sovereign immunity is "jurisdictional in nature." Bullock v. Napolitano, 666 F.3d 281, 284 (4th Cir. 2012) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). The United States is immune from suit unless it has consented to be sued. United States v. Testan, 424 U.S. 392, 399 (1976). Therefore, whenever a case arises in which the United States has not waived its sovereign immunity, the action must be dismissed for lack of subject matter jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980). Any such waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" and is strictly construed in favor of the sovereign. Id.

### III. DISCUSSION

Here, the burden of showing an unequivocal waiver of sovereign immunity by the United States is upon Plaintiff. See Balzer, 2009 WL 1675707, at *2. Accordingly, Plaintiff asserts that the waiver of sovereign immunity, and therefore the Court's basis for subject matter jurisdiction over this case, flows from "28 U.S.C. §§ 1331, 1340 and 1346." Doc. 6. The United States disagrees, however, stating that although "those statutes grant jurisdiction . . . they do not waive the United States' sovereign immunity." Doc. 7 at 2. The Court will examine each statute in turn to determine if Plaintiff has met her burden to establish waiver.

The first statute cited by Plaintiff is 28 U.S.C. § 1331, commonly known as the source of federal question jurisdiction. Although this statute defines one part of this Court's subject matter jurisdiction generally, it is not a "waiver of sovereign immunity." Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (quoting Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 4 (1st

Cir. 1989); Humphreys v. United States, 62 F.3d 667 (5th Cir. 1995)). Accordingly, Plaintiff cannot base a waiver of sovereign immunity on this statute.

The second statute cited by Plaintiff is 28 U.S.C. § 1340, which grants original jurisdiction to the district courts over "any civil action arising under any Act of Congress providing for internal revenue . . . ." Similar to 28 U.S.C. § 1331, this statute is a general grant of jurisdiction to the federal courts and was not intended to act as a waiver. Bay Sav. Bank, F.S.B. v. IRS, 837 F. Supp. 150, 154 (E.D. Va. 1993) (citing Murray v. United States, 686 F.2d 1320, 1324 (8th Cir. 1982)). Even more certainly, however, such a general jurisdictional statute does not amount to an unequivocal waiver of sovereign immunity. Therefore, Plaintiff's reliance on 28 U.S.C. § 1340 is also misplaced.

Finally, Plaintiff asserts 28 U.S.C. § 1346 as the third basis for the alleged waiver. Plaintiff acknowledges that Section 1346 only permits the recovery of monetary damages, and that Plaintiff seeks equitable relief in this case. Doc. 6 at 4. To get around this issue, Plaintiff asserts that combining the general jurisdictional grant of Section 1340 to Section 1346 amounts to an unequivocal waiver of the United States' sovereign immunity regarding Plaintiff's rescission claim in the instant case.

Plaintiff's position is without merit however, and adopting it would allow an end-run of the explicit limitations of the waiver of sovereign immunity Congress created in 28 U.S.C. § 1346. This statute "has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States." Richardson v. Morris, 409 U.S. 464, 465-66 (1973) (citing United States v. Jones, 131 U.S. 1 (1889)). Section 1346 was intended to make the jurisdiction of the district courts "concurrent with the Court of Claims." Id. (quoting United States v. Sherwood, 312 U.S. 584, 589–91 (1941); Bates Mfg. Co. v. United States, 303

U.S. 567, 570 (1938)). Since the Court of Claims has no power to grant equitable relief, Glidden Co. v. Zdanok, 370 U.S. 530, 557 (1962), Plaintiff cannot base her claim of waiver, for the purpose of seeking an equitable remedy under this statute.

Plaintiff relies heavily on the case of Breakiron v. Gudonis, No. 09-10427, 2010 WL 3191794 (D. Mass. Aug 10, 2010) to support her argument that the United States has waived sovereign immunity. Doc. 6 at 4–6. In Breakiron, the district court stated that involving the United States in a similar case helped to reduce the possibility of collusion between the parties. Id. at 6. Plaintiff seeks to apply that rationale to this case, "to avoid a subsequent assertion by the IRS that she had sought to obtain state court relief in a non-adversarial proceeding." Id. The Court is not persuaded by this comparison, especially since the opinion in Breakiron did not address the issue of sovereign immunity. Moreover, while the presence of the United States would reduce the possibility of collusion, that fact has no impact on the Court's application of sovereign immunity.

Plaintiff's attempt to prospectively bind the IRS seeks an improper advisory tax opinion from this Court and cannot serve as the basis of a waiver of sovereign immunity to sue the United States. Since the statutes and cases relied upon by Plaintiff failed to establish an unequivocal waiver of sovereign immunity, the Court **FOUND** that the United States "must be dismissed for lack of subject matter jurisdiction." Mitchell, 445 U.S. at 538.

Having dismissed the United States, it is clear that the Court no longer possesses independent federal jurisdiction over this case.[2] The sole fact permitting removal was the

---

[2] The jurisdictional defect due to sovereign immunity is followed by what appears to be a lack of controversy between the remaining parties. Plaintiff indicated that the erroneous financial advice she received caused "Plaintiff's and her family's intentions [to be] frustrated." Doc. 6 at 3. Defendants who still remain in this case are Plaintiff's family, and appear to have suffered the same adverse tax consequences as Plaintiff, and possess the same motive for obtaining rescission as Plaintiff. This unanimity of purpose further undermines the existence of federal jurisdiction. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937) (defining a controversy as "definite and concrete, touching the legal relations of parties having adverse legal interests").

presence of the United States as a party.[3] With the United States dismissed, Plaintiff is left only with state-law claims that are best dealt with by state courts. See Yashenko v. Harrah's NC Casino Co., 446 F.3d 541 (4th Cir. 2006) (noting a district court's wide discretion to dismiss supplemental state law claims after dismissing the corresponding federal claims).

## IV. CONCLUSION

For the reasons stated above, and at the February 5, 2015 hearing, the United States' Motion to Dismiss was **GRANTED**, and Plaintiff's case against the remaining Defendants was **REMANDED** to the Circuit Court for Williamsburg and James City County.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

*HENRY COKE MORGAN, JR.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February __, 2015

---

[3] Plaintiff asserted that the United States were added as a Defendant "because the need for rescission is founded upon, in part, upon 26 U.S.C. § 2518." Furthermore, Plaintiff appears to imply the existence of a substantial federal question due to this same relationship, namely the impact that the bad financial advice Plaintiff received would have on her tax bill. Doc. 6 at 4. The Court refuses to find that the occurrence of adverse federal tax consequences, which will obviously bear some relation to a federal tax law, is a sufficiently substantial federal question to vest the Court with subject matter jurisdiction under 28 U.S.C. § 1331. See Hagans v. Lavine, 415 U.S. 528, 536–37 (1974).